# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WEI ZHOU,**

        Plaintiff,

  -vs-                                    **Case No. 07-C-958**

**MARQUETTE UNIVERSITY,**

        Defendant.

## DECISION AND ORDER

The Court is in receipt of a letter from the plaintiff, Wei Zhou ("Zhou"), in which he requests that the Court enter a default judgment because the defendant, Marquette University, filed its magistrate consent form in an untimely manner. A magistrate consent form is not a formal pleading, and there is no proof or indication that Marquette's answer (Docket No. 5) was untimely. *See* Fed. R. Civ. P. 55. More generally, default judgment is only warranted in "extreme situations" where a party "exhibited a willful refusal to litigate the case properly." *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). Such is not the case here, so Zhou's motion [Docket No. 11] is **DENIED**.

All of the parties have now appeared in the above-captioned matter. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **March 12, 2008** at **10:30 a.m** (Central Time). Please be available at that time. The Court will initiate the call. The purpose of the conference call will be to establish a Scheduling

Order which will limit the time: (1) to join other parties and to amend the pleadings; (2) to file motions; and (3) to complete discovery.

The Scheduling order may also include: (1) modifications of the times for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (2) the date or dates for conferences before trial, a final pretrial conference, and trial; and (3) any other matters appropriate in the circumstances of the case. The time limitations set forth in the Scheduling Order shall not be modified except upon showing of good cause and by leave of the Court. Fed. R. Civ. P. 16(b)(4).

Special attention should be given to Rule 26(f), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rule 26 also mandates that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in subsections (1)-(4) of Rule 26(f), the Court requests that the proposed discovery plan submitted by the parties include a very brief statement of the nature of the case, lasting no more than several sentences.

Dated at Milwaukee, Wisconsin, this 16th day of January, 2008.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**