# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WEI ZHOU,**

        Plaintiff,

  -vs-                               **Case No. 07-CV-958**

**MARQUETTE UNIVERSITY,**

        Defendant.

## DECISION AND ORDER

The *pro se* plaintiff, Wei Zhou ("Zhou"), challenges his termination from the Ph.D. program at the Department of Mathematics, Statistics and Computer Science of Marquette University. Marquette University moves for summary judgment. This motion must be granted.

Previously, Zhou filed an action in federal court against Dr. Gary Krenz ("Krenz"), who was the Graduate Committee Chair at the time Zhou flunked-out of the program. In the prior action, Zhou alleged violations of 42 U.S.C. § 1981 and/or Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*. Marquette University attempted to intervene as the proper-party defendant for Dr. Krenz, but Judge Gorence denied this request for procedural reasons. Judge Gorence then dismissed the case on Dr. Krenz's motion for summary judgment. *See Zhou v. Krenz*, Case No. 05-C-839, D. 45.

In the instant case, Zhou attempts to re-cast his claims against Marquette University as breach of contract claims. Zhou makes a vague reference to civil rights in his complaint,

but even construing his *pro se* complaint liberally, Zhou's claims in this action are state law claims. "It is standard learning that federal question jurisdiction arises only when the complaint standing alone 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Minor v. Prudential Secs., Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Zhou's complaint does not present a federal question because a "contract dispute between two private parties typically does not arise 'under the Constitution, laws, or treaties of the United States...'" *Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 678 (7th Cir. 2001).

Theoretically, Zhou could bring his state law claims in federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. However, Zhou's complaint alleges that he lives in Milwaukee, Wisconsin, so the requirement of complete diversity is not satisfied. § 1332(a)(1). In his proposed findings of fact, Zhou states that he is an "adult male resident of Sichuan Province, P.R. China." Although not entirely clear, the Court takes this to mean that Zhou is a resident alien. Even so, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." § 1332(a). Once again, the fact that Zhou's domicile is in the state of Wisconsin controls, and he cannot proceed under the diversity statute.

All of this is to say that the Court does not have jurisdiction over Mr. Zhou's complaint. But even if it did, Zhou is not entitled to relief because his claims are barred by

-2-

the doctrine of *res judicata* (claim preclusion). Claim preclusion bars not only issues that were actually decided in a prior suit, but also those that could have been raised. *Highway J Citizens Group v. United States Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). To apply, the doctrine requires (1) a prior final judgment on the merits; (2) the same claim; and (3) the same parties or their privies. *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006).

While Zhou pursues different legal theories in this case, "a claim is not an argument or a ground but the events claimed to give rise to a right to a legal remedy." *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001). Both of Zhou's lawsuits arise out of the same event: his termination from the Ph.D. program at Marquette. It was incumbent upon Zhou to raise all possible grounds for relief in his initial lawsuit.

Finally, the fact that Zhou's previous lawsuit went forward against Dr. Krenz while the instant lawsuit is filed against Marquette University does not prevent the application of *res judicata*. In reality, the previous lawsuit against Dr. Krenz was defended by Marquette University, and Marquette University was the proper party-defendant. Dr. Krenz was obviously acting within the scope of his employment at Marquette University, so the Court has no trouble concluding that *res judicata* is appropriate in the instant case. *See Lubrizol Corp. v. Exxon Corp.*, 871 F2d 1279, 1288 (5th Cir. 1989) (a "vicarious liability relationship between [the employer] and its employees...justifies claim preclusion").

-3-

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Marquette University's motion for summary judgment [D. 19] is **GRANTED**; and

2. This matter is **DISMISSED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this ____ day of July, 2008.

                                  **SO ORDERED,**

                                  **s/ Rudolph T. Randa**
                                  **HON. RUDOLPH T. RANDA**
                                  **Chief Judge**