UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WEI ZHOU,
        Plaintiff,

v.                                    Case No. 07-C-0958

MARQUETTE UNIVERSITY,
        Defendant.

## DECISION AND ORDER

In 2007, pro se plaintiff Wei Zhou commenced this action against Marquette University. In an order dated July 7, 2008, Judge Rudolph T. Randa of this court dismissed the case for lack of subject matter jurisdiction. Judge Randa concluded that Zhou had brought a state-law claim for breach of contract and that there was no basis for exercising diversity jurisdiction because Zhou did not carry his burden to show that the elements of such jurisdiction were present. Judge Randa found that Zhou resided in Wisconsin, the same state in which Marquette University is a citizen. Further, the judge noted that Zhou did not identify his citizenship or immigration status, and that therefore he had not carried his burden to show that jurisdiction was proper under the alienage jurisdiction, 28 U.S.C. § 1332(a)(2). Zhou appealed, but, in December 2008, the Seventh Circuit affirmed on the ground that Zhou had failed to show either that his complaint stated a federal question or that jurisdiction under § 1332(a)(2) was proper.

After exhausting his appeal rights, Zhou filed a motion for relief pursuant to Federal Rule of Civil Procedure 60. He maintained that the court had made a mistake in concluding that he was a lawful permanent resident of the United States domiciled in Wisconsin. Judge Randa denied this motion and warned Zhou that further attempts to

relitigate this case would result in sanctions. Undeterred, Zhou continued to file papers insisting that the case be reopened on the ground that he was not a lawful permanent resident of the United States. In response, Judge Randa fined Zhou $300 for pursuing a frivolous legal position and entered a filing bar pursuant to *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). This order was entered on June 17, 2009, and it provided that Zhou could not seek relief from the filing bar for two years, and then only if he had paid the fine.

Zhou eventually paid the fine and sought relief from the filing bar. But in his motion for relief, Zhou made clear that, if the filing bar were lifted, he would immediately try to relitigate the dismissal of this case for lack of subject matter jurisdiction. Because Zhou intended to continue pressing his frivolous legal position, Judge Randa refused to lift the filing bar and instead extended it for an additional two years.

More than two years later, Zhou again sought relief from the filing bar so that he could re-file his lawsuit against Marquette and join it with claims for relief against the United States and the State of Wisconsin. In an order dated May 5, 2016, Judge Randa denied his motion, extended the filing bar for another two years, and fined Zhou an additional $500.

In June 2021, Zhou paid the $500 fine and filed two motions to have the filing bar lifted so that he could file a motion to have the entry of judgment in this case "voided." (ECF Nos. 68 & 69.) Again, Zhou attempts to prove that he was never a lawful permanent resident of the United States and therefore was eligible to bring his claim for breach of contract against Marquette under the alienage jurisdiction. Because Judge Randa is

2

dead, the Clerk of Court randomly reassigned this case for me for a ruling on Zhou's motions.

Like Judge Randa, I conclude that, if the filing bar were lifted, Zhou would continue to pursue frivolous litigation. Zhou intends to move to have the judgment in this case set aside by proving that he was never a lawful permanent resident of the United States. But the time for Zhou to prove that he was not a lawful permanent resident of the United States was when he filed his complaint in 2007. As the Seventh Circuit noted in its decision on Zhou's appeal, "it is up to the plaintiff who files in federal court to *plead* this basis for jurisdiction and establish diversity of citizenship." (ECF No. 41 at 4 of 4 (emphasis added).) Zhou did not plead a basis for jurisdiction, and it is now too late for him to do so. Thus, even if it is true that Zhou was never a lawful permanent resident of the United States, he would not be entitled to have the judgment in this case set aside. The judgment is not based on a mistake. It is based on Zhou's failure to satisfy his burden to plead and prove diversity of citizenship at the appropriate time—in 2007.

Because Zhou's continued attacks on the judgment in this case are frivolous, I will not lift the filing bar. Although I will not impose a fine at this time, I warn Zhou that if he files another request to lift the filing bar so that he may again try to have this case reopened or to have the judgment disturbed in any way, then I will impose another fine. Because the previous fines of $300 and $500 proved to be insufficient deterrence, I advise Zhou that any fine I impose will be in the amount of $1,000 or more.

For the reasons stated, **IT IS ORDERED** that Zhou's motion for reconsideration (ECF No. 68) and motion to have the summary judgment voided (ECF No. 69) are **DENIED**.

3

**IT IS FURTHER ORDERED** that the filing bar set forth in ECF No. 55 is extended until two years from the date of this order. No sooner than two years form the date of this order, Zhou may file a request with the court for relief from the filing bar. Any such submission must state why lifting the order would be appropriate. Zhou's desire to have this case reopened or the judgment disturbed is not an appropriate justification for lifting the bar.

Dated at Milwaukee, Wisconsin, this 7th day of February, 2022.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge
